## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTONIO R. WEATHERSBY, )
                                   )
         Plaintiff, )
                                   )
v. )         Case No. CIV-25-720-SLP
                                   )
SARAH WASS, )
                                   )
         Defendant. )

## O R D E R

Plaintiff, appearing pro se and in forma pauperis, has filed a Complaint [Doc. No. 1] against an individual, Sarah Wass. Plaintiff's Complaint is subject to screening pursuant to 28 U.S.C.§ 1915(e)(2) and the Court may sua sponte dismiss the Complaint if it "fails to state a claim on which relief may be granted." *Id*., §1915(e)(2)(B)(ii).

To assess whether a complaint fails to state a claim upon which relief may be granted, courts apply the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." **\*814** *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

Plaintiff's Complaint identifies the basis for this Court's federal question jurisdiction as "U.S. 14th Amendment" and "Title VII of the Civil Rights Act of 1964." Plaintiff names a single defendant, an individual named Sarah Wass, whom he identifies as "Human Resource Director." Plaintiff's allegations against Defendant Wass are threadbare. He states that she "retaliated, discriminated, [and] wrongfully terminated [him]" and subjected him to a racist work environment.

Plaintiff's claims against Defendant Wass are subject to dismissal. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race, among other things. *See* 42 U.S.C. § 2000e-2(a)(1). However, it is well-established that supervisors and employees are not personally liable for violations of Title VII. *See, e.g.*, *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)).

To the extent Plaintiff purports to bring a claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment rights, he fails to allege any facts to show that Defendant Wass is a state actor. This pleading deficiency is fatal to a § 1983 claim. *See, e.g., Davis v. Deutsche Bank Nat'l Trust Co. for GSAA Home Equity Trust 2007-5, Asset-Back Certificates, Series 2007-5*, 737 F. App'x 379, 383-84 (10th Cir. 2018) ("Generally, private parties are not state actors subject to liability under § 1983.") (citing *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (observing that "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted))).

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc*., 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)). Here, the Complaint fails to comply with the requirements of Rule 8. Plaintiff fails to identify with any clarity the factual or legal bases for his claim(s).

IT IS THEREFORE ORDERED that the Complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order, or by July 23, 2025. If no amendment is filed, this action will be dismissed.

IT IS SO ORDERED this 2nd day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE