### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONIO R. WEATHERSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-720-SLP |
| | ) | |
| SARAH WASS, | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Plaintiff, appearing pro se and in forma pauperis, has filed an Amended Complaint [Doc. No. 6] against an individual, Sarah Wass. Plaintiff's Amended Complaint is subject to screening pursuant to 28 U.S.C.§ 1915(e)(2) and the Court may sua sponte dismiss the Complaint if it "fails to state a claim on which relief may be granted." *Id*., §1915(e)(2)(B)(ii).

The Court previously dismissed Plaintiff's Complaint, but granted him the opportunity to file an Amended Complaint. *See* Order [Doc. No. 5]. Plaintiff's Amended Complaint contains additional factual information, though the allegations remain relatively sparse. For instance, Plaintiff includes no dates identifying when the complained of retaliatory and/or discriminatory conduct occurred. Although Plaintiff does not identify the statutory basis for his retaliation/discrimination claim, he previously identified Title VII of

the Civil Rights Act of 1964 as the basis for this claim and, therefore, the Court construes the Amended Complaint as again invoking Title VII.[1]

The Court previously advised Plaintiff that his Title VII claim against Defendant Wass was subject to dismissal because "supervisors and employees are not personally liable for violations of Title VII." *See* Doc. No. 5 at 2. Plaintiff's Amended Complaint again names Defendant Wass as the sole Defendant. Thus, his Title VII claim is again subject to dismissal.

In the Amended Complaint, Plaintiff conclusorily alleges that Defendant "also violated FLSA." Am. Compl. at 3. But this conclusory allegation is too threadbare to state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (A complaint must contain "enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In sum, the Court finds the Amended Complaint fails to state any claims upon which relief may be granted.

IT IS THEREFORE ORDERED that the Amended Complaint is DISMISSED without prejudice. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 23rd day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does now clarify that he does not bring any claim under 42 U.S.C. § 1983.